From Western District of Arkansas, which comes by a Or is it bill and it's stone still May please the court judge Loken counsel Jennifer done for Susan Taylor This case is the wrongful denial of an insurance claim seven years ago. Miss Taylor's house burned to the ground We are once before this court for the second time on the same question This court previously decided that the question had miss Taylor had a foreclosure within the last five years That question was ambiguous and sent it back down to the district court The current opinion in front of this court from the district court says that question is not Ambiguous on page 19 of our opinion with respect to a different foreclosure though, right? It is that the question itself can be subject to two different at least two different meanings So the question is ambiguous, but it's rightfully found by this court Applied for the facts in the first circumstance. We were here before it was not a misstatement That's the important thing. The question is still ambiguous. I Thought it was ambiguous in the first with respect to the first case and the foreclosure at issue there Because it's straddled the time frame and this one does not straddle the the time frame The question is ambiguous as this court properly held Because it is subject to more than one meaning the question itself if I recall correct me if I'm wrong but if I recall right it was ambiguous only because that particular Foreclosure straddled the I think it was a five-year time. That was the particular circumstances where the court analyzed whether the ambiguity was a misstatement or not and because one of her Rationales under the first question in the first circumstance Made sense or was a reasonable reading Therefore it was not a misstatement. So there's one question whether it's ambiguous the other question whether it's a misstatement so the holding of the district court in the current opinion before this before this court the district court opinion that the question is Not ambiguous is error. The question is ambiguous. It's the application that we're going to discuss the second error that she made here was and not considering the The personal knowledge of Miss Taylor with respect to the misrepresentation and Finally the final errors are in Reweighing the evidence that was before the court. So as this court knows credibility determinations Reweighing the evidence and making inferences from facts and evidence in a semi judgment context Those are all within the purview of the jury not the court. And so this court the current district court opinion Erred in reweighing and making credibility determinations with respect to certain statements and granting summary judgment Importantly here when this court made their ruling it was sent back down to judge Dawson He was the district court at the time. He had this case for four years Multiple hearings and he knew the case well, and he had addressed not in just one opinion But in two opinions the factual issues that remained the first time I'm sorry, he got reversed the first Question your honor, which was not before you the first time pardon the Fairfield Bay vacation home issue Which is before you today that was not before you the first time him and judge Dawson had made Factual genuine found genuine questions and material fact with respect to the Fairfield Bay issues So that's we want to talk about here today The Fairfield Bay vacation home and whether on the ambiguous question on head of foreclosure happened Whether that was a misstatement by Miss Taylor We look at the Arkansas Supreme Court case and in Phelps Written by judge Levinsky Smith when he sat on the court where the court says we look at the question and in that case they were looking at an ambiguous question and applying what the knowledge of the Insured and why is that important because on the application and in Phelps and the application in a McQuay case? The application went on to say when the at the insured signs based on the night best information and belief Not whether it's true and accurate, but they it's true and accurate based on my current information and belief so for the court the district court in this case to make a determination that There was that in completely ignore Susan Taylor's Information and belief was error here And so it was that argued to the district court and was it in your opening brief here? The the issue of the best information belief And the issue of best information and belief was argued was set forth in the summary judgment papers This issue was brought by Hiscox and the issue there was never raised about Susan Hiscox never raised Susan Taylor's information belief Instead when the current district court decided that she was going to resurrect the summary judgment and getting ready for trial she didn't give notice to either of the parties here and she decided that that in for the information and Understanding of Susan Taylor was not important and she didn't consider it instead She just found a misrepresentation under Phelps Phelps. That's error under the McQuay case That's error instead what you do is you look at the question, then you consider the information That is given that that that is known by the insured. Did you cite McQuay in your opening brief? My recollection is it was first cited in your reply. Your honor I don't know that first. I can't tell you for sure whether I cited McQuay in my opening brief. I have the I Know we cited Phelps in our opening brief your honor We did not cite McQuay in our opening brief I don't I don't see that right now and I can tell the court that that is the case that was relied upon by Judge Hickey and here is the issue She looked at the issue of McQuay They did not look further and so the statement McQuay says hey look the first issue on deciding whether there's a misrepresentation When there is the clause in the insurance application as to whether it's based on information belief is whether that statement is inaccurate That's the first thing you need to look see is it even wrong based on the insured's information belief This was raised by Judge Hickey for the first time without notice to either party Neither party got to rebrief this until all of a sudden we were we got her opinion We did not know that she was going to Resurrect a stale motion for summary judgment and and decide something differently We did move for reconsideration your honor and winning that We did lose priesthood and we also moved for a hearing your honor Both were denied by Judge Hickey because I think that would obviously save time and money to have been able to issue Did in this court's time as well to look at this issue in context before the district court before coming here? but this is the where we are at this time because she denied the Motion for restoration and in a hearing on the issue as well So we look at what she did know and what the testimony the pre-suit Statement that she gave the pre-suit deposition in her answer the deposition in this case and attached to our summary book as our summary judgment evidence In the in the summary judgment in this case was her statements that back in 2011. I Voluntarily gave this property back to the bank. I couldn't make payments on it It was based upon the housing crisis from 2008 to 2010 It was a vacation home. You can tell from the policies on page 12 of our brief. She was a number of properties She couldn't make these she voluntarily gave it back to the bank and she sent them the keys So when she's asked the question in the last five years Have you had a foreclosure and if you're looking at it specifically with this Fairfield Bay vacation home She doesn't know of any foreclosure Okay, let me ask you that there's another document in the record I believe that goes to this issue It's on page 130-6 page 2 of the record. It's an August 2014 email from earns and Wilcox to miss Taylor telling her that the Policy on the Fairfield Bay property would not be renewed and the last sentence is the reason for the non-renewal is the house is in foreclosure So, why doesn't that show that she knew that it was in foreclosure in 2014 I Don't know that I think that the non-renewal is so I think that the issue in 2014 your honor with respect to the email was to Brad grounds that was involving Bank of America That email was not sent to Susan Taylor at all with respect to the Fairfield Bay property. I believe you're talking about the non-renewal On The residence itself, I believe you're and I'm not I don't have the document in front of me But I don't think it was 2014 and might have been 2014, but that's on the non-renewal of the residence. I believe it was 2016 I believe it was submitted to the district court in support of your motion for partial summary judgment Anyway, okay. So with respect to the if it's there's a residence That's hot springs property and there's the Fairfield Bay vacation home right now, I believe we're talking about the Fairfield Bay vacation home, so Understanding that this notice was with regard to the Fairfield Bay property. So his cocks the only time that it did not it non-renewed the The residence would have been in 2016 2017 on the non-renewal I don't believe that Susan Taylor ever received anything like that is an email to Susan Taylor. That's my understanding I believe it was only to her insurance agent. I don't have that document. It wasn't the residence. It was it was Fairfield Yeah, I don't have a document in front of me I know there was an email to Brad grounds from the Bank of America where they're asking for a new roof to be put on But this Bank of America already has the doc already has that property at the time Because of that your honor This is before that yeah, I'm sorry, I don't have the document in front of me I and I didn't I didn't put myself in position of well, there could not have been a misrepresentation at the time, but more importantly if we skip to what the There's material genuine issues of material fact I know my mother time and I want to reserve that your honor genuine issues of material fact with respect to materiality in respect to the scope of The Brad grounds and Burns and Wilcox It's important to know here that the Lloyd syndicate is not authorized to do business in Arkansas and issue policies Only Burns and Wilcox can do that for them. They are a general agent They consider everything on and every single issue They assess whether and they decide where to place the funding for it But they are the ones Burns and Wilcox that issues the policy It's a company that Brad grounds did all of this so Brad grounds is the one that looked at the Fairfield Bay property He knew that property was being taken into foreclosure in 2014, and he knew that that That there would be an issue with respect to that and he at the same time just four months later Rewrote the policies on that and that residence and he wrote multiple policies on this Why is this important on imputed knowledge because this is a genuine issue of material fact and when you look at the Hale case And you what is the agency question now the agency question? Yes, your honor When you look at the Hale case and when you look at the Kellam case in Kellam You had one person who wrote the bank who wrote the note for the who was served as the banker Who wrote the note and borrow the money on the respect to the truck and he knew it was a second loan and at the Same time he's over here acting as the soliciting agent for the insurance company That said it couldn't have a second loan on the truck And so when the loan went bad what happened here where the insurance is going to cover not when there was an issue with the truck one person knew both those same thing with Brad grounds and that should be construed in favor of the insurer here because Here is the non moving party, and if there's evidence both ways It's not for the district court to have decided that issue also with respect to materiality whether we'd have written the policy or not They've written at least five other policies after Brad grounds recommended five other policies after he knew about this one Also, we have direct testimony from Alex Cowling who took over from Brad grounds who said they had written policies Even when they knew there was a foreclosure in the past So that's I know that the judge district judge called that tepid but on that Alex Cowling issue But that combined with the insurance insurance policies They had written is evidence that's a jit creates a genuine issue of material fact on behalf of the insured and so finally your honor the relief we're asking is that we did we Reverse the product district courts judgment with respect to granting summary judgment and we also ask they reinstate the counterclaims and We affirm the district courts rulings with respect to ambiguity on the questions of loss and judgments And we return this case for a jury trial trial in the remaining issues and I reserve the remaining my time. Thank you Mr. Sterling May it please the court I'd first want to go to the reference that judge Gras made with regard to the email and the record I was able to Pull that up and wanted to talk about that as well but it's at the it's in the appendix at page 668 and it's a  130-6 page 2 and it is an email from Miss Taylor's own insurance agent To miss Taylor Susan and American services Arkansas comm on this. This was huge miss Hughes. Yeah this is An email from Jessica Jacobs who was the Smith and company insurance agent for Miss Taylor in 2014 The same company that she had as an agent for this the policy at issue in this case, but a different person but this was with regard to the policy with a different insurer on the Fairfield Bay home and then on August 29th 2014 her agent Emailed her saying I wanted to let you know that Burns and Wilcox will be non-renewing the insurance on the above-mentioned property effective October 5th 2014 the reason for the non-renewal is the house is in foreclosure So that that email is there and that was to miss Taylor and it's not just that email that shows that She had knowledge of the foreclosure in the Examination under oath now which foreclosure is that referring to that's referring to the foreclosure on the Fairfield Bay property So house means Fairfield Yes, and it's got a the subject in the email is 102 Chelsea Court Which is the address of the Fair Fairfield Bay property? and Miss Taylor's examination under oath before the litigation She admitted that she Knew that the house had been a foreclosed on or she had assumed so She she said she assumed I thought that the post fire stuff was the foreclosure on the house depending This is questioning specifically regarding 102 Chelsea Court and fell Fairfield Bay, so she was asked about that in her examination under oath, and she says Yes, I assume it was foreclosed on and why was Why was the examination under oath having anything to do with Fairfield Bay? because at the examination under oath was part of the investigation of all the Potential misrepresentations in the application So that was part of the claim and wasn't part of the arson investigation. Yes, it was It was part of the claim investigation Following the claim just days or a week record. There was also an arson investigation after the fire I'm sorry. I thought I recalled from the first case. There was an arson investigation. Yes, it was an arson investigation But it was also just an investigation into potential misrepresentations in the application and the foreclosure on the Fairfield Bay property was Discovered during that process and miss Taylor was asked about it at the EU. Oh and there she stated that Yes, she assumed that it was foreclosed on she said the same that she assumed It was foreclosed on in her deposition testimony in the case years later and there's clear evidence in the record that there was a notice of default and intention to sale and a deed that shows that the the foreclosure sale was in 2016 and foreclosure proceedings were started in 2015 But all that is is stuff that we're raising for the first time on appeal because What miss Taylor knew with regard to? The Chelsea court Fairfield Bay foreclosure was never raised at all in the summary judgment briefing by Taylor in the trial court the full argument against the rescission based on the foreclosure of the Fairfield Bay home Was all about this issue that Burns and Wilcox knew and so Hiscox should be a stop That was the full argument So we pointed out in our brief that that was not raised at all under below and and you would think in the reply that you would get a citation to where it was raised below in the Summary judgment briefing and in the reply at 12 They tried to do that, but what they cite is is nothing of substance It stated that miss Taylor advanced the argument in her deposition testimony And it cites to her EEO and then deposition where she stated that She assumed it was foreclosed on in the deposition, but not the EEO She said that she had Relinquished it to the bank Before and that was she referenced then But that's not anything with regard to what was raised in the briefing before the trial court It says through her responses to Hiscox's summary judgment papers now if you look at those citations Following that and trace it back and Just and it says In a parenthetical the citations indicate miss Taylor explaining that she believed any foreclosure on the Fairfield Bay property occurred before the relevant five-year period The actual citation is nothing as to what Taylor raised in the summary judgment motion or response It's actually a citation to Hiscox's response to Taylor's motion for summary judgment and all that paragraph says is that a foreclosure occurred Proceedings were started in 2015 and a sale was in 2016 and cites the underlying Evidence of that what what she cites is evidence that it was advanced into the ambiguity question. I mean, this is a sideshow Sure, so with regard to the ambiguity question, I think it's Fairly simple when you read the first opinion in this case that opinion took the same question and it said in the circumstances and that's in the opinion and that's consistent with Arkansas law that There are two reasonable interpretations of foreclosure One when the proceedings began and to the completion or the foreclosure sale and in that case there was a interpretation that could be interpreted in favor of the insured because a Foreclosure sale had not occurred when the application was filled out But here there there is no issue anymore It answers On remand the proceedings on remand are very confusing here Because there's something I mean having been on the panel the first time I Would not have anticipated that the remand would have turned into a Fairfield Bay Case Well, so so why why was that even why was that even properly on the table? So unless there was an invitation to let's let's let's go back and have a pre-trial start over. Well Upon remand the court decided this court decided not to deal with any of the other misrepresentations that were raised as alternative then it was remanded just Days before Judge Dawson was retiring and He went through it and issued a summary judgment order that summarily denied the other Misrepresentations that had not been dealt with in his earlier ruling or in the 8th Circuit When were they put in issue? Well, they were put in issue in the same summary judgment briefing That was before this court the last time around and that's but without reference to Fairfield Bay or was that just over? Wasn't it was fully referenced in that briefing and it was something that we raised in this court Okay The first time as an alternative reason if the court wanted to affirm on an alternative basis, which the court elected not to do But Judge Dawson did rule on that and then thereafter we did prepare for Trial and then once Judge Hickey Got into the case. She determined that she needed to reevaluate the summary judgment motion as to the other Misrepresentations that were still live and not That weren't decided on by this court and she went through them in this order and the Fairfield Bay misrepresentation Is one and that has no issue with regard to If there was a foreclosure sale, it's undisputed that there was a foreclosure sale in 2016. So under you know, Arkansas law is you Interpret a clause in favor of the insured if it's ambiguous with two different Reasonable interpretations one that favors the insured and one that favors the insurer here under both reasonable and Interpretations as this court held there was a foreclosure. There's no Interpretation that would favor the insured here Under either definition the question clearly required as both were within five years That's correct the application was in February 2018 the Proceedings began foreclosure proceedings began in 2015 and the foreclosure sale was in 2016 so as far as ambiguity It's something that has to be determined under the circumstances And in these circumstances with regard to this foreclosure There's there's no ambiguity at all because under any reasonable interpretation This foreclosure was required to be disclosed The another thing that was mentioned earlier that I want to touch on quickly in the reply brief there's some references to you know Best knowledge and belief and a reference to the McQuay case That was never that sort of argument was never raised in the district court nor was it raised in the opening brief And so so we never had a chance to address that at all But one thing I will say I think any such argument has Been waived in in both ways not raising it below and not raising it in the opening brief You said Plaky? McQuay Yeah, so that case and specifically the argument that the question is is to be interpreted and the To her best knowledge and belief the McQuay case deals with specific things regarding under the Arkansas statutes of Representations regarding somebody's health condition. These are statutes regarding health and life policies and and that That jurisprudence deals with that particular issue, but but nonetheless there's no the the For there to be a misrepresentation even in the case law in the Calvin case that Miss Taylor relies on the A misrepresentation occurs if The Insured knew or should have reasonably known that what was Stating was false here as we've discussed she knew that had been foreclosed on there's vague and and Nonspecific testimony as to Saying that oh, she thought she voluntarily surrendered it She said she knew it was foreclosed on because she voluntarily surrendered it in her deposition, but all that to say She There's there's no reasonable Way that she wouldn't have been expected to disclose that because the evidence which we looked at shows She knew and and it's a fact that it occurred As to what what I think is the a big issue that They rely on that The agency issue that Burns and Wilcox somehow knew And therefore Hiscox would be stopped from raising the misrepresentation The the way Judge Hickey went through it is is solid legally as to No knowledge can be imputed to a principal unless the agent learned of that knowledge while within the Agency the scope of the agency of that principal here the email we're talking about where again Miss Taylor's agent was telling Burns and Wilcox with regard to the Fairfield Bay property that Bank of America was making a claim and was foreclosing on it. That was Something that That that was made in order to They say that establishes Hiscox knew that was a totally different insurer totally different policy totally different program Thank you Thank you Very Briefly your honor. I did find the email that you're talking about. So here's the email you're talking about was addressed to miss Taylor from Jessica Jacobs, there's no the testimony in the case is that she never got this She says she never had anything after 2011 when she turned the keys back in and based on the Calvin cases This would be a genuine issue of material fact that should have gone to the jury It is not to be decided by the judge Because the insurance company also testifies as a one thing and yet the fact shows something different with respect to whether they're going to write additional Policies or not. They said they wouldn't do that Alex Cowling then said he knew the circumstances and then of course there was the test There's the facts that they have so that is the type of issue specifically that should go to the jury Very quickly just awesome presumption of receipt under Arkansas law. We don't even know this is her correct address your honor It's just a piece of paper that was put into evidence We don't know that she did not testify that she ever got it Her testimony is unequivocal that she once she turned in the keys She never heard anything else back from them and she that was in 2011 So that would be outside the five-year limit and as we discussed last time the insurance company on the application can decide What information it wants to know and it didn't have to limit it to five years very very briefly Judge Dawson and his two different opinions addressing Fairfield Bay They were not summarily docket number 144 page 8 and 9 docket number 157 page 8 and 9 They list the genuine issues of material fact with respect to Fairfield Bay on materiality and misrepresentation They're not to be reweighed by judge Hickey without giving the parties notice that she's going to consider issues that were not briefed by his cops or Susan Taylor in the original summary judgment briefing that is error under vigilant and then finally your honor just welcome you asked a question about whether there was a Arson investigation with respect to Fairfield Bay. There was no arson investigation with respect to fell for Fairfield Bay Oh, I'm the one I recall is of the residents, right? Yes It's there's nothing on Fairfield Bay there are we don't learn anything about it just that it existed, right? So there are remaining fact issues that should be tried to a jury. We asked this court Reverse the summary judgment that was granted and returned this to be tried before a jury. Thank you so much Thank You counsel case has been Excuse me, thoroughly brief Arguments been helpful Again, we'll take it under advisement